**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Cheralyn Lee Mouser,

Plaintiff,

v.

JPMorgan Chase & Company,

Defendant.

No. CV-25-05003-PHX-JJT

**ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 9, Mot.), to which *pro se* Plaintiff Cheralyn Lee Mouser responded (Doc. 12, Resp.), and Defendant replied (Doc. 19, Reply). The Court resolves the Motion without oral argument. LRCiv 7.2(f).

## I. BACKGROUND[1]

Plaintiff worked for Defendant for nearly thirteen years as an underwriting supervisor. (Doc. 1-2, Compl., ¶ 5.) She had favorable performance ratings during her employment and led a team that was consistently ranked among the top in the region. (Compl. ¶¶ 6–7.) Plaintiff's immediate supervisor Scott Peterson frequently expressed his belief that older employees were "too set in their ways," and would consult with younger managers despite Plaintiff's seniority among the staff. (Compl. ¶¶ 8–9.) In 2021, Mr. Peterson provided Plaintiff a performance review that included a "growth area" notation. (Compl. ¶ 10.) Plaintiff was terminated from her position sometime in 2022 due

[1] When referring to papers submitted by the parties, the Court cites to the page number as generated by the Electronic Court Filing system, not the parties' own page demarcation.

to a reduction-in-force and Mr. Peterson's performance review of Plaintiff. (Compl. ¶ 11.) Plaintiff's position was immediately filled by an employee who was twenty-six years younger than Plaintiff with less management and underwriting experience. (Compl. ¶ 12.) At the time of her termination, she was sixty-six years of age. (Compl. ¶ 9.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right-to-sue. (Compl. ¶ 15.)

Plaintiff now sues Defendant for age discrimination under two theories: (1) violation of the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1463; and (2) violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). She also sues Defendant for wrongful termination pursuant to state law.

## II. LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Matters Outside Pleadings

As a preliminary matter, the Court must address whether to consider various material submitted by Defendant that was not included in Plaintiff's Complaint. When ruling on a motion to dismiss, a court can consider only the complaint, its exhibits, documents incorporated by reference in the complaint, and matters that may be judicially noticed; otherwise, the motion is converted into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 10(c). A document is incorporated by reference in a complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted).

First, Defendant provides the Court with a copy of Plaintiff's charge of discrimination (Doc. 9-2 at 5.) Plaintiff's Complaint specifically refers to this charge in her pleading (Compl. ¶ 15), the charge is central to her age discrimination claims, and no party disputes the authenticity of the charge produced by Defendant.

Second, Defendant attaches a "Release Agreement" and "Notice Letter" that purportedly waive Plaintiff's right to pursue her instant claims. No part of Plaintiff's pleading refers to the Agreement or Letter. Defendant does not contend otherwise but instead argues that the "incorporation by reference" doctrine extends to documents upon which the existence of a plaintiff's claim depends, such as a settlement or release agreement and cites

several unpublished cases from this District in support. (Mot. at 4.) On this point, Plaintiff offers no response. The Court construes Plaintiff's silence as a concession that the Release and Letter are incorporated by reference in her pleading.

The Court will consider the charge of discrimination, Agreement, and Letter in resolving Defendant's Motion. Having defined the universe of material properly before it, the Court now turns to the Defendant's substantive arguments for dismissal.

**B. ADEA Claim**

Defendant argues that dismissal is warranted because Plaintiff voluntarily waived her ADEA claim by entering the Agreement that expressly released that claim.[2] (Doc. 9-2 at 7; Mot. at 5.) In response, Plaintiff disputes that the Agreement is enforceable and argues that resolution of this issue cannot be determined at this stage, citing *Syverson v. International Business Machines Corp.*, 472 F.3d 1072 (9th Cir. 2007) and *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998) in support.

Defendant argues that neither case supports Plaintiff's general proposition, and the Court agrees. As for *Oubre*, that matter reached the summary judgment stage and, based on this procedural posture alone, is distinguishable from the matter at bar. *Syverson* is far more analogous. There, the matter had not advanced beyond the motion to dismiss stage, and still the Ninth Circuit resolved the enforceability of a release agreement by applying the mandatory requirements imposed by 29 U.S.C. § 626(f) for waivers of ADEA rights and claims. 472 F.3d at 1076 (reversing dismissal of an ADEA claim). Under *Syverson*, the issue of enforceability of the Agreement and Letter may be resolved now.

On the issue of enforceability, Plaintiff vaguely argues that she "disputes Defendant's assertions regarding the review period, voluntariness, consideration, and required disclosures," but offers no particulars as to what her dispute entails. If there are specific facts that contradict the facial enforceability of the Agreement and Notice, Plaintiff does not make them known here. In reply, Defendant points out all the ways in which the Agreement and

---

[2] Defendant notes that the Release and Notice also waived "state or local laws against discrimination," so Plaintiff's ACRA and AEPA claims must be dismissed. Still, the parties' briefing on the effect of the Release and Notice focus primarily on the ADEA claim, so the Court addresses this issue as to the ADEA claim only.

Notice facially meet the requirements set out in § 626(f). Upon review of the documents, the Court agrees that, at least facially, the documents do meet the § 626(f) requirements. Based on the allegations and arguments before the Court, the Agreement and Notice operate to release Plaintiff's ADEA claim that existed at the time of her termination, so that claim must be dismissed.

**C. ACRA Claim**

Courts may dismiss a claim "on statute of limitations grounds only if, accepting all well-pled facts in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *United States v. Page*, 116 F.4th 882, 826 (9th Cir. 2024) (citation modified); *see also Anson v. Am. Motors Corp.*, 747 P.2d 581, 582 (Ariz. App. 1987). The party opposing a motion to dismiss based on a statute of limitations defense "bears the burden of proving the statute has been tolled." *Anson*, 747 P.2d at 582.

"A federal court sitting in diversity applies the substantive law of the state, including . . . a state's tolling rules, which are integrally related to statutes of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). In Arizona, equitable tolling may apply where a party was prevented from filing in a timely manner or was excusably ignorant of the limitations period, and the defendant would not be prejudiced by the late filing. *McCloud v. State, Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696 (Ariz. App. 2007); *Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65 (Ariz. App. 1997).

Before filing an ACRA claim in federal court, a charging party must file a charge of discrimination with the Arizona Civil Rights Division ("ACRD"). A.R.S. § 41-1481(A), (D). The ACRA claim must be filed no more than one year after the charge was filed. § 41-1481(D). Defendant argues that Plaintiff's ACRA claim is untimely because she filed the instant action over two years after she filed her charge. (Mot. at 5–6.)

In response, Plaintiff acknowledges that her claim was filed outside the one-year limitation period set forth in § 41-1481(D). However, she argues that equitable tolling principles apply because she submitted her charge both to the EEOC and ACRD and, due

to the work-sharing agreement between the two agencies, Plaintiff "reasonably relied on the EEOC's administrative process and its issuance of a right-to-sue letter to determine when judicial action could commence." (Resp. at 3.) According to Plaintiff, she "was specifically told by the EEOC that no actions could be brought until after the right-to-sue letter was issued, after the intake investigator acknowledged at the outset of the EEOC Complaint, that the investigation would take well over a year due to the agency's backlog at the time." (Resp. at 3.)

As a preliminary matter, the Court observes that courts in this district repeatedly express doubt that equitable tolling applies to the one-year limitation period of § 41-1481(D). *See Trischan v. Suns Legacy Partners LLC*, No. CV-24-03184-PHX-SHD, 2025 WL 2695573, at *3 (D. Ariz. Sept. 22, 2025); *Enriquez v. Gemini Motor Transp. LP*, No. CV-19-04759-PHX-GMS, 2021 WL 5908208, at *7 (D. Ariz. Dec. 14, 2021). Indeed, the express language of § 41-1481(D) seems to impart absoluteness upon the one-year limitation period, akin to language used in statutes of repose.[3] At least one court in this District has affirmatively determined that the language "[i]n no event shall any action be brought" found in § 41-1481(D) "means what it says: that no circumstances, no matter how compelling, may toll the statute's limitations period." *Trischan v. Suns Legacy Partners LLC*, No. CV-24-03184-PHX-SHD, 2026 WL 2198541, at *4 (D. Ariz. July 30, 2026).

Plaintiff nonetheless argues that "the Arizona Court of Appeals rejected rigid forfeiture rules in civil-rights timing contexts and recognized that equitable principles may apply where justice requires," citing *Kyles v. Contractors/Engineers Supply, Inc*. The Court disagrees with Plaintiff that the holding in *Kyles* is to be applied as broadly as she contends.

[3] According to the Arizona Supreme Court, statutes of limitation and statutes of repose are similar in that they both identify the outer limits of time in which an action can be brought and extinguish legal rights if not enforced timely. *Cox v. Ponce in & for Cnty. of Maricopa*, 251 Ariz. 302, 305 (2021). They differ in that the former can be tolled while the latter cannot. *Id*. at 305–06. The purpose of a statute of repose reveals why this distinction is helpful, as those statutes are "intended to establish a limit beyond which no suit may be pursued, and sets a period of time within which claims must be brought regardless of when the cause of action may accrue. Thus, under statutes of repose, a claim may be barred if it does not accrue within the allowable statutory period." *Id*. at 306 (citation modified). There are many instances in which one single statute can feature both limitation and repose, and such hybrid statutes exist all over the country. *See Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022) (collecting cases and discussing the Federal Tort Claims Act).

The state appellate court discussed only the ninety-day filing period imposed by § 41-1481(D), but it did not address whether the one-year limitation period can be tolled and, to this Court's knowledge, no Arizona court has.[4] *See Kyles*, 949 P.2d at 65–67.

Even assuming that Plaintiff is correct and the one-year limitation period can be equitably tolled, the Court is not persuaded those principles ought to apply here. According to Plaintiff, her delay in bringing this action was due to her waiting for the EEOC to issue a right-to-sue notice and reliance on EEOC's statement that no action can be maintained until the notice was issued. (Resp. at 3.) But that argument fails because Plaintiff had within her right and control the ability to request a right-to-sue notice from the EEOC after her charge remained pending for 180 days. 42 U.S.C.A. § 2000e-5; *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (noting that a plaintiff is entitled to receive a right-to-sue notice once the EEOC did not timely act on the charge); *Enriquez*, 2021 WL 5908208, at *7 (granting summary judgment on ACRA claim based on untimeliness even considering the delayed EEOC notice of right-to-sue); *Cohen v. Arizona State Univ.*, No. CV-21-01178-PHX-GMS, 2022 WL 1747776, at *5 (D. Ariz. May 31, 2022) (same). Plaintiff's ACRA claim must be dismissed because it is plainly time-barred and the statute of limitations is not equitably tolled for the reasons offered by Plaintiff here.

**D. Wrongful Termination Claim**

"[T]he legislature limited plaintiffs to three avenues of relief for claims asserted against employers on the theory of wrongful discharge" by passing the Arizona Employment Protection Act ("AEPA"), A.R.S. § 23-1501. *Cronin v. Sheldon*, 195 Ariz. 531, 535, 991 P.2d 231, 235 (1999). As relevant here, one of those theories includes termination that violated a state statute. § 23-1501(A)(3)(b).

Plaintiff brings her AEPA claim based on a violation of the ACRA and ADEA. Defendant argues that an AEPA claim cannot be premised on either statute because: (1)

---

[4] This question of state law may be the kind that is appropriate for certification to the Arizona Supreme Court. A.R.S. § 12-1861; *see, e.g.*, *Albano*, 634 F.3d at 540 (certifying question to state supreme court regarding interpretation of a statute as one of limitation or repose and effect of equitable tolling). The Court declines to so certify because it finds that equitable tolling would nonetheless be inappropriate in this case, as discussed *infra*.

the AEPA expressly states that the ACRA provides the exclusive remedy for violations falling within its scope; and (2) claims under AEPA cannot be based on federal law like the ADEA.

Plaintiff does not substantively dispute either argument. Instead, she argues—without citing to any legal authority—that "[a]t most, the AEPA claim is coextensive with ACRA and is not subject to dismissal at the pleading stage." (Resp. at 2.) The express language of the AEPA and an abundance of case law sides with Defendant, and the AEPA claim based on a violation of ACRA or ADEA violation must be dismissed. *See* § 23-1501(A)(3)(b)(i); *Baron v. Arizona*, 270 F. App'x 706, 710 (9th Cir. 2008) ("[B]ecause ACRA provides a remedy for [employment] discrimination, [the plaintiff] cannot bring this claim under the AEPA."); *Taylor v. Graham Cnty. Chamber of Com.*, 33 P.3d 518, 521 (Ariz. App. 2001) (affirming summary judgment on AEPA claim based on a violation of ACRA public policy); *Galati v. Am. W. Airlines, Inc.*, 205 Ariz. 290, 293, 69 P.3d 1011, 1014 (Ct. App. 2003) (holding that AEPA protects against violations of the Arizona Constitution and Arizona statutes, not violations of federal regulations).

### E. Rule 56(d)

Plaintiff argues that "if the Court converts Defendant's motion to one under Rule 56," she urges the Court to afford her "an opportunity to conduct discovery" pursuant to Rule 56(d). But the Court has not converted the dismissal motion. Instead, it deemed the extrinsic material proffered by Defendant to be incorporated into the Complaint by reference, and consideration of that material does not convert the motion into one for summary judgment. *Ritchie*, 342 F.3d at 908. Accordingly, Plaintiff's request to conduct early discovery is denied.

### F. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Futility alone can justify the denial of leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, amendment Count Two is futile because the law is clear that an AEPA claim cannot be sustained on a violation of the ACRA or federal law. Amendment of the portion of Count One that asserts and ADEA claim is also futile because the Agreement and Notice are facially enforceable under the relevant law and operate to release Plaintiff of her ADEA claim. Plaintiff identifies no facts that, if properly alleged, would cure the deficiency of this portion of Count One.

But other aspects of Plaintiff's claims might be cured by additional, well-pled facts. Accordingly, the Court grants Plaintiff leave to amend the portion of Count One that asserts an ACRA violation only to the extent that facts exist to equitably toll the one-year limitation period imposed by § 41-1841(D) and that are different from those asserted in the response brief. Plaintiff may offer a First Amended Complaint only if she can state the necessary additional factual allegations to state that portion of Claim One in compliance with her Rule 11 obligations. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 545 (1991) (Rule 11 applies to *pro se* litigants).

**IT IS ORDERED** granting Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 9).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1-2).

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend Count One only to allege additional facts pursuant to the Court's admonition above. Should Plaintiff choose to do so, she may file a First Amended Complaint and a separate Notice of Filing First Amended Complaint with an attached redlined copy showing the changes between the Complaint and the amendment no later than **fourteen (14) days** from the date of this Order. No new claims may be added to an amendment absent leave of court pursuant to Federal Rule of Civil Procedure 15 and LRCiv 15.1.

Dated this 21st day of August, 2026.

Honorable John J. Tuchi
United States District Judge